IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CHRISTOPHER MIMS, §
§
            Plaintiff, §
§
VS. § CIVIL ACTION H-14-0594
§
DEEPWATER CORROSION SERVICES, §
INC., CHEVRON USA, INC., GULF §
OFFSHORE LOGISTICS, LLC, AND §
TOPCOR OFFSHORE, LLC, §
§
            Defendants. §

**OPINION AND ORDER OF REMAND**

The above referenced lawsuit seeks damages under general maritime law for severe hand injuries[1] allegedly suffered by Plaintiff Christopher Mims ("Mims") when he was struck by an anode on or about June 25, 2011 while he was working for his employer, Insperity, on assignment on board a vessel owned, controlled or operated by Defendants while the vessel was in navigable waters alongside a platform owned by Chevron USA, Inc. Alternatively, if Defendant Deepwater Corrosion Services, Inc. ("Deepwater") argues that it was Mims' employer or borrowed employer, Mims asserts claims for damages and punitive damages under the Jones Act for negligence and gross negligence and for an unseaworthy vessel, causing him physical pain, mental anguish, and physical

---

[1] Mims states that as a result, he underwent multiple surgeries and partial amputation of his finger.

impairment.[2]  In addition, as a seaman, Mims asserts entitlement to maintenance and cure, but claims that Defendant arbitrarily and improperly refused to pay his medical bills, and therefore he seeks attorney's fees and punitive damages.   The case was removed by Defendant Gulf Offshore Logistics, LLC ("Gulf") from the 333rd Judicial District Court of Harris County, Texas, pursuant to (a) the current version of 28 U.S.C. § 1441[3] and (b) 28 U.S.C. § 1446,[4]

---

[2] This Court observes that in *McBride v. Estis Well Service, Inc.,* 768 F.3d 382, 384-85 (5th Cir. 2014)(*en banc*), *petition for cert. filed* (Dec. 24, 2014), the Fifth Circuit held that punitive damages are not recoverable under the Jones Act and under the general maritime law because "the Jones Act limits a seaman's recovery for unseaworthiness under that Act or the general maritime law to 'pecuniary losses.'"  Punitive damages may be recovered where the seaman's employer willfully and wantonly disregarded its maintenance and cure obligation.  *Bland v. Omega Protein, Inc.*, No. Civ. A. 14-0127, 2014 WL 7179379, at*2 (W.D. La. Dec. 15, 2014), *citing Atlantic Sounding Co. v. Townsend*, 557 U.S. 404 (2009).

[3] See subsequent discussion about conflict among courts over current version of § 1441.

[4] Title 28 U.S.C. § 1446 ("**Procedure for removal of civil actions**") provides in relevant part,

> **(a) Generally.**--A defendant or defendants desiring to remove any civil action from a State Court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> **(b) Requirements; generally.**--(1) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through

with a full reservation of rights and defenses.  Pending before the

Court *inter alia* is Mims' motion to remand (instrument #9).

---

service or otherwise, of a copy of the initial pleading
setting forth the claim for relief upon which such
action or proceeding is based, or within thirty days
after the service of summons upon the defendant if such
initial pleading has then been filed in court and is
not required to be served on the defendant, whichever
period is shorter.

**(2)(A)**  When a civil action is removed solely under
section 1441(a), all defendants who have been properly
joined and served must join in or consent to the
removal of the action.

**(B)**  Each defendant shall have 30 days after receipt by
or service on that defendant of the initial pleading or
summons described in paragraph (1) to file the notice
of removal.

**(C)**  If defendants are served at different times, and a
later-served defendant files a notice of removal, any
earlier-served defendant may consent to the removal
even though that earlier-served defendant did not
previously initiate or consent to removal.

**(3)**  Except as provided in subsection (c), if the case
stated by the initial pleading is not removable, a
notice of removal may be filed within 30 days after
receipt by the defendant, through service or otherwise,
of a copy of an amended pleading, motion, order, or
other paper from which it may first be ascertained that
the case is one which is or has become removable.

**(c) Requirements; removal based on diversity of
citizenship.**-**(1)** A case may not be removed under
subsection (b)(3) on the basis of jurisdiction
conferred by section (b)(3) on the basis of
jurisdiction conferred by section 1332 more than 1 year
after commencement of the action, unless the district
court finds that the plaintiff has acted in bad faith
in order to prevent a defendant from removing the
action. . . .

## Applicable Law

### *Removal and Remand*

"'Federal courts are courts of limited jurisdiction'"; they possess "'only that power authorized by Constitution and by statute.'" *Gunn v. Minton*, 133 S. Ct. 1099, 1064 (2013), *quoting Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a) any state court action over which federal courts would have original jurisdiction may be removed from state to federal court. *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 282 (5ᵗʰ Cir. 2007; *Guttierrez v. Flores*, 543 F.3d 248, 251 (5ᵗʰ Cir. 2008)("A district court has removal jurisdiction in any case where it has original jurisdiction."). The original jurisdiction for purposes of removal may be federal question jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") or diversity jurisdiction under 28 U.S.C. § 1332(a) (where there is complete diversity of citizenship between the sides and the amount in controversy exceeds the sum of $75,000.00, excluding interest and costs).[5]

---

[5] Section 1332(a) and (c) provide in relevant part,

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

The right to remove depends upon the plaintiff's pleading at the time of the petition for removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995); *Ford v. Property & Cas. Ins. Co. of Hartford*, No. Civ. A. H-09-1731, 2009 WL 4825222, *2 (S.D. Tex. Dec. 9, 2009).

The removing party bears the burden of showing that subject matter jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Because removal deprives the state court of an action properly

---

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States. . . .

(c) For purposes of this section and section 1441 of this title—

(1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .

before it, removal raises significant federalism concerns and the statute is therefore to be strictly construed, with any doubt about the propriety of removal resolved in favor of remand. *Gutierrez v. Flores*, 543 F.3d 258, 251 (5th Cir. 2008).

Title 28 U.S.C. § 1333(1) provides, "The district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." "Federal admiralty jurisdiction exists giving a court jurisdiction over a dispute if the tort occurs on navigable waters[6] and the tort bears a significant relationship to

---

[6] For purposes of admiralty jurisdiction, the Supreme Court defined "navigable waters" in *The Daniel Ball*, 77 U.S. 557, 563 (1870):

> Those rivers must be regarded as public navigable rivers in law which are navigable in fact. And they are navigable in fact when they are used, or are susceptible of being used, in their ordinary condition, as highways for commerce, over which trade and travel are or may be conducted in the customary modes of trade and travel on water. And they constitute navigable waters of the United States within the meaning of the acts of Congress, in contradistinction from the navigable waters of the States, when they form in their ordinary condition by themselves, or by uniting with other waters, a continued highway over which commerce is or may be carried on with other States or foreign countries in the customary modes in which such commerce is conducted by water.

Subsequently this test has been applied to "all bodies of water, not just rivers, natural as well as artificial." *Sanders*, 861 F.2d at 1377 (In short, then, navigable waters of the United States are those waters capable, in fact, of navigation in interstate travel or commerce, and distinctions between natural

traditional maritime activity." *Sanders v. Placid Oil Co.*, 861 F.2d 1374, 1376-77 (5th Cir. 1988), *citing Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 674 (1982). "[A] party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and connection with maritime activity." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995), *cited by Venable v. Louisiana Workers' Compensation Corp.*, 740 F.3d 937, 944 (5th Cir. 2013).[7] For the first prong, the court asks whether the tort occurred on navigable waters or whether injury suffered on land was caused by a vessel on navigable water. *Id., id.* For the connection prong, the court examines "'the general features of the type of incident involved,' to determine whether the incident has 'a potentially disruptive impact on maritime commerce'" and determines "whether the general character of the activity giving rise to the incident shows a substantial relationship to maritime

and manmade bodies of water are immaterial.").

[7] To determine if there is a connection to traditional maritime activity, the court must examine whether the general features of the kind of accident involved has a potentially disruptive impact on maritime commerce and whether the general character of the activity giving rise to the incident shows a "substantial relationship to traditional maritime activity." *Grubart*, 513 U.S. at 534.  Traditionally admiralty has provided protection of seamen injured in the service to their vessel. *Taylor v. Kennedy Engine, Inc.*, 861 F.2d 127, 130 (5th Cir. 1988).  *See also Coats v. Penrod Drilling Corp.*, 61 F.3d 1113, 1119 (5th Cir. 1995)("Providing compensation for shipboard injuries is a traditional function of the admiralty laws."), *citing Sisson v. Ruby*, 497 U.S. 358, 368-75 (1990).

activity." *Id. [citations omitted]; id.*

Traditionally a plaintiff had three possible options for bringing an admiralty or maritime claim:  he could bring his suit in admiralty jurisdiction in federal court under the grant of original and exclusive subject matter jurisdiction under § 1333, typically with no right to trial by jury; he could bring a diversity of citizenship claim in a federal district court, with the right to a jury if one party demands it, and he could limit that jurisdiction with a binding forum-selection clause; or he could assert his claim at law (at common law), grounded in tort or contract, under the saving to suitors clause in a state court.[8] *See* 14A Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 3672 (3d ed. 1998).

Also traditionally the saving to suitors clause referenced in § 1333(1) has been interpreted to allow a plaintiff to file admiralty and maritime actions with claims "at law," otherwise exclusively within the jurisdiction of the federal courts in state court. *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1542 (5th Cir. 1991), *citing* 1 S. Friedell, *Benedict On Admiralty*, § 122 (6th ed. 1991).  If a plaintiff elects to bring admiralty and maritime claims in state court, the claims cannot be removed in the absence

---

[8] Only *in personam* actions may be brought on the common law alternative under the saving to suitors clause (non-admiralty jurisdiction); *in rem*  actions against the vessel must be brought exclusively in federal court.  14A Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 3672 (3d ed. 1998).

of diversity of citizenship unless there was another basis for jurisdiction besides admiralty. *In re Eckstein Marine Service, LLC*, 672 F.3d 310, 315-16 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 96 (2012); *see also Morris v. TE Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003)(General maritime law claims saved to suitors, by themselves, are not removable from state court.), *citing Romero Int'l Terminal Operating Co.*, 358 U.S. 354, 377-79 (1959)(*superseded by statute on other grounds*, 45 U.S.C. § 59)("saving to suitors" claims are not removable because maritime claims do not arise under the laws or Constitution of the United States and therefore do not present federal questions.); *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 219 (5th Cir. 2013)(Although federal courts have original jurisdiction over maritime claims under 28 U.S.C. § 1331, when a plaintiff files suit with general maritime law claims in state court under the saving to suitors clause, there is no removal jurisdiction unless removal is based on another jurisdictional grant such as diversity of citizenship or an applicable federal statute, such as the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1349, which grants original jurisdiction.), *citing In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991).

***Jones Act, 46 U.S.C. § 30104***

"A Jones Act[9] claim is an *in personam* action for a seaman who suffers injury in the course of employment due to negligence of his employer, the vessel owner, or crew members. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441 (2001). The Jones Act provides a remedy to personally injured seamen and their survivors of compensation for personal injury and/or wrongful death caused by the negligence of the seaman's employer, vessel owner, or crew members.

Generally Jones Act cases are not removable. 28 U.S.C. § 1445(a). *Preston v. Grant Advertising, Inc.*, 375 F.2d 439 (5th Cir. 1967).[10] The Jones Act incorporates the Federal Employees Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, 46 U.S.C. § 30104. Pursuant

---

[9] Originally designated as 46 U.S.C. app. § 688, on October 6, 2006 the Jones Act was repealed and re-codified by Congress by Public Law 109-304, § 6(c), 120 1510. It is now codified as amended at 46 U.S.C. § 30104, which provides,

> A seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may elect to bring a civil action at law with the right of trial by jury, against the employer. Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section.

[10] As noted, when there is some other basis for original federal jurisdiction other than admiralty, such as diversity of citizenship or a statute, removal is permissible. *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, & n.1 (5th Cir. 1999), *citing inter alia Tennessee Gas Pipeline v. Houston Cas. Ins.*, 87 F.3d 150 at 153-56 & nn. 5&6

to 45 U.S.C. § 1445, FELA actions are not removable and its incorporation into the Jones Act results in Jones Act claims not being subject to removal even if the parties are diverse.

**_Unseaworthy Vessel Under General Maritime Law_**

Unseaworthiness is a claim under general maritime law based on the vessel owner's duty to provide a seaworthy vessel, including appurtenances, gear and equipment, reasonably fit for its intended purpose of performing offshore operations.[11] *Philips v. Western Co. of North America*, 953 F.2d 923, 928 (5th Cir. 1993), *citing Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1354 (5th Cir.), *cert. denied*, 488 U.S. 968 (1988). The vessel does not have to be perfect or accident free. *Id*. This duty to provide a seaworthy vessel is "'absolute and completely independent of the duty under the Jones Act to exercise reasonable care.'" *Id., quoting Johnson*, 845 F.2d at 1354. Thus "'both the Jones Act and unseaworthiness remedies are additional to maintenance and cure.'" *McBride*, 768 F.3d at 389, *quoting Atlantic Sounding Co. v. Townsend,* 557 U.S. 404, 424 (2009), *quoting* G. Gilmore & C. Black, *The Law of Admiralty*, § 6-23, p. 342 (2d ed. 1975). A vessel owner is strictly liable for personal injuries caused by the vessel's

---

[11] Unseaworthiness can arise from numerous circumstances besides defective appurtenances, gear and equipment, including an unfit crew that lacked adequate training for the task or an insufficient number of men was assigned to the task. *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 496 (1971); *Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 379-80 (5th Cir. 2012).

unseaworthiness.   The injured seaman has the burden to establish that "'the unseaworthy condition played a substantial part in bringing about or actually causing the injury and that the injury was either a direct or probable consequence of the unseaworthiness,'" but he does not have to show the ship owner was negligent.  *Phillips*, 953 F.2d at 1354, citing *Johnson*, 845 F.2d at 1354.   Thus in contrast to a Jones Act claim, unseaworthiness is "'predicated without regard to fault or the use of due care,'" and the "'standard of causation for unseaworthiness is a more demanding one and requires proof of proximate cause.'"  *Brister*, 946 F.2d at 355, *quoting Lee v. Pacific Far East Line, Inc.*, 566 F.2d 65, 67 (9th Cir. 1977), and *Chisholm*, 679 F.2d at 62.

### Maintenance and Cure

Under the Jones Act and general maritime law, a seaman injured while working in service of his ship, regardless of any negligence on his own part, is entitled to recover from his employer or the ship owner maintenance and cure benefits from the date of his injury up until the time of maximum medical cure.[12]  *Vaughan v. Atkinson*, 369 U.S. 527, 531 (1962); *Hall v. Noble Drilling, Inc.*, 242 F.3d 582, 586 (5th Cir. 2001).   Maintenance and cure includes

---

[12] Maximum cure is reached when it is probable that no further medical treatment will better the seaman's condition or his condition is medically determined to be permanent and incurable.  *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996); *Vaughan*, 369 U.S. at 531.

recovery by a seaman, whose injury or illness occurred, manifested or was aggravated while he was in the ship's service, for the seaman's food and lodging of the kind and quality he would have received were he aboard his ship while he is unable to perform a seaman's work and for medical treatment. *Vaughan*, 369 U.S. at 531; *Hall*, 242 F.3d at 586; *Spikes v. Blessey Marine, Inc.*, No. 1:11-CV162WJG-RHW, 2013 WL 6438989, at *13-14 (S.D. Miss. Dec. 9, 2013), *appeal dismissed* (No. 14-60029, 5th Cir. Mar. 11, 2012).

A seaman may recover punitive damages if his employer willfully and wantonly disregards its maintenance and cure obligations. *Townsend*, 557 U.S. at 424. Where a seaman shows that the denial of his request of maintenance and cure is arbitrary and capricious, the employer can be liable for the seaman's attorney's fees. *Manderson*, 666 F.3d at 382, *citing Morales v. Garijak, Inc.*, 829 F.2d 1355, 1358 (5th Cir. 1987), *abrogated on other grounds*, *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1995).

**2011 Revision of the Removal Statute, 28 U.S.C. § 1441**

The Federal Courts Jurisdiction and Venue Clarification Act of 2011 was enacted on December 7, 2011, effective as of January 6, 2012 and was amended 28 U.S.C. § 1441. The previous version of § 1441 provided that general maritime claims were not removable absent federal question or diversity jurisdiction and stated in relevant part [emphasis on key portions for the instant dispute added by this Court],

(a) *Except as otherwise expressly provided by Act of Congress*, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed, by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right *arising under the Constitution, treaties or laws of the United States* shall be removable without regard to the citizenship or residence of the parties. *Any other such action* shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

While federal courts have original jurisdiction over maritime and admiralty claims, such claims do not present a federal question because they do not arise under the Constitution or laws of the United States. *Romero v. Int'l Terminal Operation Co.*, 358 U.S. 354, 367–68 (1959). *See also In re Dutile*, 935 F.2d 61, 62–63 (5th Cir. 1991)(*citing Romero*)(Based on the words in § 1441(a), "Except as otherwise expressly provided by Act of Congress," and in § 1441(b), "founded on a claim or right arising under the Constitution, treaties or laws of the United States," the Fifth Circuit held that (1) maritime claims filed in state court are not removable absent diversity jurisdiction because they do not arise under the Constitution, treaties or laws of the United States, i.e., no federal question jurisdiction; (2) the old version of § 1441 was an "Act of Congress" that barred removal of such claims, by themselves; and (3) maritime claims are governed by the phrase "any other such action" [one lacking federal question jurisdiction]

-14-

in § 1441(b), are not removable unless none of the defendants is a citizen of the state in which the action is brought.).  "In other words, the second sentence in subsection (b) establishes the familiar 'forum-defendant rule' for cases removed on the basis of diversity jurisdiction while incidentally barring removal of admiralty case." *Hamerly v. Tubal-Cain Maine Services, Inc.*, ____ F. Supp. 2d ____, Civ. A. No. 1:14-CV-130, 2014 WL 5149752, at *2 (E.D. Tex. June 12, 2014).

Thus before the enactment of the Federal Courts Jurisdiction and Venue Clarification Act, it was settled law that to remove a case filed in state court and arising under general maritime law to federal court, there had to be an independent basis for jurisdiction, e.g., a federal statute granting jurisdiction to federal courts or diversity jurisdiction (with no defendant from the forum state). *See Dutile*, 935 F.2d at 63 ("The practical effect" of § 1441(a) and (b) "is to prevent removal of admiralty claims pursuant to § 1441(a) unless there is complete diversity of citizenship (predicated upon out-of-state defendants.)").

In December 2011, § 1441, under a new title, "Removal of Civil Actions," was revised in relevant part to state as follows:

> (a) Generally--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Removal based on diversity of citizenship--

. . . .

(2)  A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Thus in the new version the "arising under" language in the prior § 1441(a) has been removed and there is no distinction between claims arising under federal law and "[a]ny other such actions" in §1441(b); rather, the latter provision relates only to removals based on diversity jurisdiction.

The amendment expressly applies only to actions commenced on or after expiration of the 30-day period beginning on the date of enactment (December 7, 2011), i.e., expired on January 6, 2012. Pub. L. 112-63, § 105, 125 Stat. 758 (2011).  Moreover it is not retroactive:  Congress stated that the amended § 1446 applies to "any action that is removed from a State court to a United States district court and that had been commenced, within the meaning of State law, on or after such effective date [January 6, 2012]." Pub. L. No. 112-63 § 205, 125 Stat. 758, 764-65 (2011).  "An action or prosecution commenced in State court and removed to Federal court shall be deemed to commence the date the action or prosecution was commenced, within the meaning of State law, in State court." *Id.; see also, e.g., Meeks v. Damillie*, Civ. A. No. 2:11CV253-NBB-JMV, 2013 WL 5464639, at *2 (N.D. Miss. Sept. 30, 2013).

There is an ongoing, unresolved dispute among the district courts of the Fifth Circuit about the effect of the "clarification" (the Fifth Circuit's term, used deliberately, in contrast to "amendment") of the removal statute. *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 223 (5th Cir. 2013)(opining that "the updated version is a clarification, as opposed to an amendment, of the original statute").[13]  As discussed below, some courts now permit removal of a maritime claim filed in state court even where there is no independent basis for jurisdiction such as diversity, while others conclude that the seaman's choice to file in state court under the saving to suitors clause bars removal, in deference to the original Judiciary Act of 1789, which must be respected.  There is also conflict about when an action is "commenced" under Texas law when a new defendant is added to an existing suit.

A key district court decision by the Honorable Gray H. Miller, *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. 2013), found the changes under the Clarification Act to be substantial and denied a motion to remand based on the new § 1441(b) on the grounds that the court now had original jurisdiction over Ryan's general maritime law claims.  *Id.* at 776.  Noting that

---

[13] *Barker*, although issued in 2013, applied the language of and was decided under the old § 1441(b) and held that maritime cases "are exempt from removal by the 'saving to suitors' clause of the jurisdictional statute governing admiralty claims [a] and therefore may only be removed when original jurisdiction is based on another jurisdictional grant such as diversity of citizenship."  713 F.3d at 219.

-17-

§ 1441(a), limiting removal to claims over which the court had original jurisdiction unless they are barred by an Act of Congress, remained (with both old and new section 1441(a)s referencing "original" jurisdiction), he reasoned that the unambiguous, amended version of § 1441(b) addresses only cases removed on diversity of citizenship.  He emphasized that the two phrases that the Fifth Circuit cited as constituting an Act of Congress limiting removal of general maritime claims, "arising under the Constitution" and "[a]ny other such action," were deleted by the revision.  The "clear and unambiguous" language of Section 1441(b) now bars only removal of claims based on diversity jurisdiction where a defendant is a citizen of the forum state; according to Judge Miller, the revision therefore allowed removal of all claims over which federal district courts have original jurisdiction, including their original jurisdiction over personal injury claims brought under general maritime law pursuant to § 1331(1). *Ryan*, 945 F. Supp. 2d at 778.  He concluded that the saving to suitors clause preserves the right of maritime suitors to pursue nonmaritime remedies, but it does not guarantee them a nonfederal forum.  Id. at 774.  In *accord, see, e.g., Perio v. Titan Maritime, LLC*, No. Civ. A. H-13-1754, 2013 WL 5563711, at "10 (S.D. Tex. Oct. 8, 2013); *Wells v. Abe's Boat Rental, Inc.*, Civ. A. No. H-13-1112, 2013 WL 3110322, at *2-4 (S.D. Tex. June 18, 2013); *Provost v. Offshore Service Vessels, LLC*, Civ. A. No. 14-89-SDD-SCR, 2014 WL 2515412, at *3

(M.D. La. June 4, 2014); *Bridges v. Phillips 66 Co.*, Civ. A. 13-477, 2013 WL 6092803, at *4 (M.D. La. Nov. 19, 2012); *Carrigan v. M/V AMC Ambassador*, No. H-13-3208, 2014 WL 358353, at *2 (S.D. Tex. Jan. 31, 2014).

A number of district courts, indeed the majority[14] in the Fifth Circuit, have disagreed with and rejected *Ryan*. *See, e.g., Serigny v. Chevron U.S.A., Inc.*, Civ. A. No. 14-0598, 2014 WL 6982213, at *4 (S.D. La. Dec. 9, 2014)("In sum, the undersigned is compelled to join the growing chorus of district courts that have concluded that the [Federal Courts Jurisdiction and Venue Clarification Act] did not upset the long-established rule that general maritime law claims, saved to suitors, are not removable to federal court, absent some basis for original federal jurisdiction other than admiralty. While the undersigned appreciates the argument in favor of revisiting this enduring principle, any course correction remains within the exclusive domain of the higher court(s) or Congress via explicit legislation."); *Gregoire v. Enterprise Marine Services, LLC*, ____ F. Supp. 2d ____, No. Civ. A. 14-840, 2014 WL 3866589, at *2-9 (E.D. La. Aug. 6, 2014)(concluding "that general maritime law claims are not removable under Section 1333 as

_____

[14] *See Boudreaux v. Global Offshore Resources, LLC*, No. Civ. A. 14-2507, 2015 WL 419002, at *4-5 (W.D. La. Jan. 30, 2015) ("Until the Fifth Circuit definitively decides this issue, I am disinclined to hold that Congress intended to make such a major substantive change to § 1441, which would, in effect, upset centuries of well-established precedent by denying plaintiffs their right to a jury trial.").

part of the original jurisdiction of this court and require an
independent basis of jurisdiction")("28 U.S.C. § 1333 and more than
200 years of precedent" interpreting this statutory grant of
admiralty jurisdiction, "rather than the 2011 amendment to the
removal statute . . . determine the removability" of the
plaintiff's claims; "If state court maritime cases were removable
under Section 1333, the effect would be tantamount to considering
all maritime law claims as part of federal question jurisdiction
under Section 1331, eviscerating the saving to suitors clause and
undermining the holding and policies discussed at length in *Romero*.
As already established, maritime law claims brought under the
saving to suitors clause in state court have traditionally required
some other basis of jurisdiction independent of Section 1333 to be
removable, supported by practical reasons and sound policy. . . .
Congress has not given any indication that it intended to make
substantive changes to removal of admiralty matters, and the Fifth
Circuit has not indicated otherwise."); *Figueroa*, 28 F. Supp. 3d
677 ("'[O]riginal jurisdiction' evaporated when [the plaintiff]
filed his action in state court, making the claims nonremovable on
the basis of admiralty jurisdiction . . . . This Court finds that
requiring an independent jurisdictional basis for removal operates
to preserve the right to a jury trial in what would otherwise be an
admiralty claim entitled only to a bench trial."); *Rogers v. BBC
Chartering America, LLC*, Civ. A. No. 4:13-CV-3741, 2014 WL 819400,

-20-

at *1 (S.D. Tex. 2014)(holding the 2011 amendment of § 1441 did not change the removability of admiralty claims); *Rutherford v. Breathwite Marine Contractors, Ltd.*, ___ F. Supp. 3d ___, Civ. A. No. 3:13-0312, 2014 WL 6388786, at *4 (S.D. Tex. 2014)("*Ryan* focused on the justification for nonremovability offered in *In re Dutile*, while ignoring precedent suggesting that the 'saving to suitors' clause itself renders such actions non-removable. *See Romero*, 358 U.S. at 371072 . . . ('the historic option of a maritime suitor pursuing a common-law remedy to select his forum, state or federal, would be taken away by an expanded view of § 1331, since saving-clause actions would then be freely removable under § 1441'). . . . Furthermore . . . [t]he Fifth Circuit has held that the tradition of bench trials on admiralty issues in federal court cannot trump a plaintiff's constitutional right to a jury trial for non-admiralty claims. *Leura v. M/V Alberta*, 635 F.3d 181, 196 (5th Cir. 2011)."); *Parker v. US Environmental Services, LLC*, Civ. A. No. 3:14-CV-292, 2014 WL 7338850, at *2-6 (S.D. Tex. Dec. 22. 2014)(agreeing with *Rutherford*, *Gregoire*, *Figueroa*, *Alexander*, and *Rogers*). *See also* David W. Robertson and Michael F. Sturley, *Recent Developments in Admiralty and Maritime Law at the National Level and in the Fifth and Eleventh Circuits*, 38 Tulane Maritime L.J. 419, 476-78 (Summer 2014)("We do not believe the Fifth Circuit will agree with the *Ryan* court.").

**Mims' Motion to Remand (#9)**

-21-

Mims lists five reasons why the Court should remand this action: (1) Gulf removed this case one year after the deadline for removal expired; (2) the consents of Defendants Topcor Offshore, LLC ("Topcor"), Deepwater, and Chevron are nullities because each waived its right to consent by actively litigating this case in state court for the past year; (3) admiralty and maritime jurisdiction does not exist when plaintiffs file suits in state court pursuant to the saving to suitors clause because they are common law actions; (4) long established jurisprudence holds that state court cases governed by maritime law are not removable unless an independent basis for federal jurisdiction, such as diversity or federal question, exists; and (5) *Romero v. International Terminal Operating Co.*, 358 U.S. 354 (1959), holds that only a clear amendment to the jurisdictional statutes that expressly renders maritime claims removable would change the black letter legal premise that they are not removable, and so far such an amendment has not been made.

Mims summarizes the procedural history of this action, which is relevant to the removal issue. He initially filed suit against Chevron and Deepwater on August 10, 2011. Trial was set for June 13, 2012, but on May 31, 2012 Chevron supplemented its responses to Mims' interrogatories and named additional responsible parties. #9, Ex. A to Interrogatory 16. Plaintiff was granted leave to amend and filed his first amended petition adding Defendants Global

-22-

Offshore, LLC ("Global") and Topcor, and trial was reset for March 10, 2014.   Deepwater subsequently supplemented its responses to Mims' interrogatories and named Gulf as a responsible party, leading to the filing of a second amended petition on January 14, 2014, with trial reset for July 14, 2014.  Gulf was served on March 5, 2014, and it removed this case on March 11, 2014, more than two years after it had been initiated and litigated in state court.

Mims states that for cases filed before the amendment of § 1446(b) in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, effective on January 6, 2012, the removal rules in place on September 29, 2011 govern and Fifth Circuit's first-served defendant rule applied.[15]  *See Brown v. Demco, Inc.*, 792 F.2d 478,

---

[15]  The Fifth Circuit used to follow the first-served defendant rule, which required all defendants to join in a removal within thirty days of the date on which the first defendant was served.
    The now controlling 2011 amendment to 28 U.S.C. § 1446(b), the Federal Courts Jurisdiction and Venue Clarification Act of 2011, PL 112-63, December 7, 2011, 125 Stat. 758, adopting the last-served defendant rule, provides that each defendant has "30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."  28 U.S.C. § 1446(b)(2)(B).  Title 28 U.S.C. § 1446(b)(2)(C) states, "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier served defendant did not previously initiate or consent to removal." The earlier served defendant must consent to removal within the thirty day period of the later-served defendant's deadline to remove the action.  Therefore as long as the earlier-served defendant files its consent within the removing defendant's thirty day removal period, the consent is timely.  *See, e.g., Gibbs v. Ocwen Loan Servicing, LLC*, No. 3:14-CV-1153-M-BN, 2014 WL 2767206, at *2 (N.D. Tex. June 18, 2014); *Felder v. Countrywide Home Loans*, No. Civ. A. H-13-0208, 2013 WL 6805843,

481 (5th Cir. 1986)("If the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove . . . due to the rule of unanimity among defendants which is required for removal."); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262-63 (5th Cir. 1988)("In case involving multiple defendants the thirty-day period begins to run as soon as the first defendant is served (provided that the case is then removable."). Mims served Deepwater on October 20, 2011 and Chevron on October 26, 2011. #9, Exs. C and D. Therefore their thirty-day deadline to remove expired thirty days from Deepwater's service, i.e., on November 20, 2011. Deepwater and Chevron's failure to remove the case constituted a waiver of their right to do so, and it also waived the right of the subsequently added party defendants to remove. *Brown*, 792 F.2d at 481; *Getty Oil*, 841 F.3d at 262-63.

Because of this waiver, Topcor, Deepwater, and Chevron's consents to remove are nullities, and unanimous consent of all defendants is lacking. *Sourcecorp BPS, Inc.*, Civ. A. No. 3:08-CV-552-L, 2008 WL 4965857, at *3 (N.D. Tex. Nov. 20, 2008)(When a defendant waives his right to removal, but later tries to consent to a co-defendant's removal, "his purported consent is a nullity, and a unanimous consent of Defendants is lacking."). "[I]t [is] impossible for [defendants who failed to timely remove a case] to

at *2 (S.D. Tex. Dec. 20, 2013).

consent to the Notice of Removal filed by [the subsequently added defendants]." *Callaway v. G.S.P., Inc.*, 793 F. Supp. 133, 134 (S.D. Tex. 1992).

Mims further contends that Topcor, Deepwater, and Chevron cannot consent to the removal because they also waived their rights to remove this case by actively litigating this suit in state court. *Brown*, 792 F.2d at 481 ("Even a defendant who petitions timely may have waived its right to removal by proceeding to defend the action in state court or otherwise invoking the processes of the court.").[16]   Among other acts, such as filing numerous pleadings, engaging in depositions, written discovery, and mediation, designating expert witnesses, and agreeing to scheduling orders setting a trial date, Defendants filed four motions for summary judgment, which were denied.   #9, Ex. G.

---

[16] This Court observes that "[b]ecause a motion for summary judgment seeks resolution of a case on its merits, a defendant who seeks summary judgment in state court affirmatively invokes the state court's jurisdiction and demonstrates a clear intent to have the state court proceed on the merits. *Airstarter Components, Inc. v. Molina*, 442 F. Supp. 2d 374, 380 (S.D. Tex. 2006), *citing Jacko v. Thorn Americas, Inc.*, 121 F. Supp. 2d 574, 576 (E.D. Tex. 2000), and *Zbranek v. Hofheinz*, 727 F. Supp. 324, 325 (E.D. Tex. 1989).   *See also, e.g., Johnson v. Heublein,* Inc., 227 F.3d 236, 244 (5th Cir. 2000)(holding that defendants waived their right to removal by failing to remove an otherwise removable case and instead filing motions to dismiss and a motion for summary judgment invoking the jurisdiction of the state court); *John H. Carney & Associates v. State Farm Lloyds*, 376 F. Supp. 2d 697, 703 (N.D. Tex. 2005)("A defendant can waive the right to remove to federal court if it proceeds to defend the action in state court or otherwise invoke the processes of that court.").

Defendants rely solely on 28 U.S.C. § 1441 for federal jurisdiction, but federal courts do not have "arising under" federal question jurisdiction over admiralty cases; they have exclusive original jurisdiction over them.  28 U.S.C. § 1331(1). Nevertheless the "saving to suitors" clause permits a plaintiff to file a common law case (as opposed to a maritime case) in state court.  28 U.S.C. § 1333(1).  In such common law saving-to-suitors cases, the rule of decision is maritime even though maritime jurisdiction is not present.  *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 223 (5th Cir. 2013)("admiralty jurisdiction is not present in this suit because [the plaintiff] filed in state court, thereby invoking the saving-to-suitors exception to original admiralty jurisdiction"); *Thurman v. Harris County*, No. 01-07-00235-CV, 2009 WL 1635430, at *3 (Tex. App.--Houston [1st Dist.] June 11, 2009, pet. denied)("As federal and state courts have recognized, maritime law does not affect a state court's subject matter jurisdiction over the action, but instead prescribes the substantive law governing the state court action.").  Thus the maritime flavor of a case filed in state court under the saving to suitors clause does not transform the common law case into one that falls within the original (or exclusive) admiralty jurisdiction of federal courts.  The Court should remand this case because admiralty jurisdiction was not present when Mims filed a common law case in state court.

The removal was also improper because even if admiralty jurisdiction existed here, the saving to suitors clause, which is an Act of Congress, prohibits removal unless diversity or federal question jurisdiction exists.  28 U.S.C. § 1441(a)("Except as otherwise provided by an Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed" to federal court.  Such cases cannot be removed on the sole basis of maritime jurisdiction.

### Deepwater and Chevron's Response (#10)

Deepwater and Chevron claim that because neither of them had a valid legal basis to remove this case in November 2011, there was no right of removal or consent to waive at that time.  Waiver involves the intentional relinquishing of a known, existing right.  Only after Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011, effective January 6, 2012, were Deepwater and Chevron given the right to consent to a subsequent removal.  They maintain that at that time their right to consent to any removal only came into being when Gulf sought consent to its removal from Deepwater and Chevron, triggering the new § 1446(b)(2)(C)("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant must join in or consent to the removal of the action.").  Deepwater and Chevron were earlier-served Defendants, which could exercise the newly created right to consent to the

subsequent removal by a newly added Defendant Gulf.  They also cite § 1446(b)(3) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").  A plaintiff's actions subsequent to serving a defendant thus can trigger a defendant's right to removal even though when the defendants filed their answers, they did not have a legal or colorable right to remove the case to federal court.

Deepwater and Chevron argue that Mims' contention that the one-year bar against removal in 28 U.S.C. § 1446(b) applies only to cases filed after January 6, 2012 is incorrect.  That language explicitly states that the one-year exception applies only to diversity cases.  28 U.S.C. § 1446(c)("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.").

More significant, Gulf did not remove based on diversity jurisdiction, but on claims under general maritime law, noting that such claims are removable under the 2011 amendment.  The amendment changed previous law by allowing a newly added Defendant to remove a case and permitted earlier served defendants the right to consent

to that removal.   The new version also distinguishes removal on diversity of citizenship under section 1332 and removal based on federal question jurisdiction under section 1331.   Under previous law, a case asserting claims removable under section 1331 and claims that do not arise under federal law could be removed on the basis of diversity jurisdiction, and the federal court had the discretion either to keep all of the case or to remand the case entirely if it found that state law predominated.   The amended section 1446(b)(2)(B) gives each defendant the opportunity to remove the case within 30 days after receipt by or service on that defendant and it allows any previously served defendant to consent to a later served defendant's removal even if the earlier-served defendant had not previously removed the case.

Defendants maintain that Mims erroneously claims the amended statute, section 1446(b)(2)(B) and (C), does not apply retroactively to Gulf's removal or to Deepwater and Chevron's consent to that removal.   Deepwater and Chevron assert that the general law is that procedural amendments to civil rules apply retroactively unless expressly stated otherwise.   Gulf was added to this action after the adoption of the new rules and had the right to remove and to seek consent from Deepwater and Chevron.   *See McConnell v. Thomson Newspaper*, 802 F. Supp. 1484, 1495 (E.D. Tex. 1992)("'Statutory changes that are procedural or remedial in nature apply retroactively.'"), *quoting Lussier v. Dugger*, 904 F.2d 661,

665 (11th Cir. 1990)

Deepwater and Chevron further charge that Mims' state court petition falsely alleged that he was an employee of Insperity, not of the owner or operator of the vessel, in order to avoid the workers' compensation bar[17] and to make the claims appear unremovable.  They claim that Mims "took a diametrically contrary position" in responding to their motions for summary judgment.  #10 at p. 7.  These pleading inconsistencies at the very least should create a factual issue to preclude the Court from remanding his exaggerated Jones Act claims.  Uncontroverted deposition testimony showed that Deepwater was not the owner or operator of the vessel involved, nor was it part of a fleet that Deepwater owned or operated.  A motion to remand is not a proper vehicle for resolving

---

[17] The Court observes that under the Texas Workers' Compensation Act ("TWCA"), "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage . . . against the employer . . . for the death of or a work-related injury sustained by the employee." Tex. Lab. Code § 408.001(a); *Reed Tool Co. v. Copelin*, 689 S.W. 2d 404, 406 (Tex. 1985).  "The only exception to the exclusive remedy provision is when an employee's death 'was caused by an intentional act or omission of the employer or by the employer's gross negligence.'" *Port Elevator-Brownsville v. Casados*, 358 S.W. 3d 238, 241 (Tex. 2012), *quoting* Tex. Labor Code § 408.001(b).  "[C]laims that arise under the TWCA cannot be removed to federal court regardless of whether jurisdiction is based on diversity or federal question." *Petri v. Kestrel Oil & Gas Properties, LP*, 878 F. Supp. 2d 744, 759 n.10 (S.D. Tex. 2012), *citing* 28 U.S.C. § 1445(c)("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.") and *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1118-19 (5th Cir. 1998).

disputed issues about the applicability of general maritime law, as is the situation here. *Perio v. Titan Maritime, LLC*, Civ. A. No. H-13-1754, 2013 WL 6654239, at *2 (S.D. Tex. Dec. 2, 2013)("The question of whether maritime law applies is not always conclusively answered at the removal state of a lawsuit. . . . The court is of the opinion that a motion to remand is not the appropriate vehicle for resolution of these factual issues.  Accordingly the parties may file motions for summary judgment . . . .").

Deepwater and Chevron contend that Mims is not a Jones Act "seaman" so it would be improper and impractical to sever the Jones Act claim under 28 U.S.C. § 1441(c)(2), as they discussed in their no evidence motion for summary judgment.  Mims did not spend more than 30% of his time working offshore, nor was he assigned to a specific vessel or fleet of vessels.  Mims Dep., Ex. B to #10.[18]

_____

[18] Whether an injured worker qualifies as a "seaman" under the Jones Act is a mixed question of law and fact, usually determined by a jury. *Naquin v. Elevating Boats, LLC*, 744 F.3d 927, 931 (5th Cir. 2014). It is rare that summary judgment on seaman status is proper, and even "marginal cases should go to the jury." *Bouvier v. Krenz*, 702 F.2d 89, 90 (5th Cir. 1983). The court may decide the question if "the facts and law will reasonably support only one conclusion." *Chandris, Inc. v. Latsis*, 515 U.S. 347, 373 (1995). The *Jones Act* does not define the term "seaman," but the Supreme Court has established a two prong inquiry to do so:  the employee's duties must contribute to the function of the vessel or the achievement of its mission; and the employee must have a connection to a vessel in navigation or to an identifiable group of vessels under common ownership or control that is substantial in duration and nature. *Naquin*, 744 F.3d at 932-33 & n.13, *citing Chandris, Inc. v. Latsis*, 515 U.S. 347, 355-56, 368 (1995).  For the first prong the claimant only has to show that he "does the ship's work." *Id.* at 933, *citing Becker v. Tidewater, Inc.*, 335 F.3d 376, 387-88 (5th Cir. 2003).

-31-

In state court Mims erroneously claimed that in calculating his seaman status he could include the following:  his round trip travel time on Interstate 10 between Houston and Louisiana; the onshore Chevron class training time before he was permitted to enter the Bay of Marchant; the time he was taxied on the vessel to a rig even though he had no work responsibilities during that transport between the port and various platforms in the Gulf of Mexico; and his standby time on the vessel when he was performing no work.  Deepwater and Chevron claim that the state court denied their motions for summary judgment based on grounds that the standard for determining seaman status established in *Chandris, Inc. v. Latsis*, 515 U.S. 347, 371 (1995)("A worker who spends less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act."), created a fact issue under Texas summary judgment practice, even though there were 16 decisions from the Southern District of Texas and the Fifth Circuit granting summary judgment on seaman status when the alleged seaman spent less that 30% of his time working offshore.  If this Court remands the case, the remand might result

---

The second prong of the seaman test, a connection to the vessel that is substantial in duration and nature, not transitory, sporadic, fleeting, so that he is regularly exposed to the perils of the sea.  *Id.* at 933.  Applying a 30% "general rule of thumb," the Supreme Court has pronounced, "A worker who spends less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act." *Id., citing Chandris*, 515 U.S. at 371.

in the Fifth Circuit and Texas state courts adopting different standards for seaman status under the Jones Act. *See Garrett v. Moore-McCormack Co.*, 317 U.S. 239, 244 (1942)("[T]he Jones Act is to have uniform application throughout the country, unaffected by local views of common law rules.").

The Court notes that unless it finds that it has jurisdiction here, it cannot make any rulings on these arguments about the merits of Mims' claims.

### Topcor's Response (#12)

Topcor contends that it did not waive any right to consent to the removal because that right did not exist until Mims filed his second amended petition on January 14, 2014 and named and served Gulf as a defendant in this suit on February 10, 2014, because at that point Gulf was a later-served defendant under the amended 28 U.S.C. § 1446(b)(2)(C) and properly exercised its right to remove. Furthermore Topcor did not waive any rights by participating in discovery, which was delayed at Mims' request, until Gulf was served. Topcor, as an earlier-served Defendant, exercised its newly created right to consent to that removal when Gulf asked for it. Furthermore, the amended removal statue has no requirement to abstain from discovery in order to retain the right to consent to removal. Even if it did, Topcor did not participate in extensive discovery: it engaged only in initial written discovery, it did not participate in any depositions, it did not designate any expert

-33-

witnesses, nor did it attend any mediation.

### Gulf's Response (#13)

Gulf also contends that the amended removal statute applies to Mims' claim against it.  The Federal Courts Jurisdiction and Venue Clarification Act of 2011, § 105, states that it applies to "any action . . . commenced on or after [the Act's] effective date of January 6, 2012.  Section 105 further states that actions "commence" on the date that the "action or prosecution was commenced, within the meaning of state law, in State Court." "Under Texas law the addition of a new party commences a new action against that party." *Felder v. Countrywide Home Loans*, No. H-13-0292, 2013 WL 6805843, at *2 (S.D. Tex. Dec. 20, 2013)(interpreting the Federal Courts Jurisdiction and Venue Clarification Act of 2011 and concluding that the amended statute applies to newly added defendants because Texas law treats the addition of a new defendant as the commencement of a new action against that party and Gulf was added after the effective date of the Act), *citing Benavides v. Sun Loan P'ship #3, Ltd.*, No. 2:13-cv-00084, 2013 WL 2458625, at *2 (S.D. Tex. June 6, 2013).  Thus this action was commenced as to Gulf on January 14, 2014 when Mims filed his Second Amended Petition in state court.  Thus the later-served defendant rule controls.  *See, e.g., Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. 2013); *Wells v. Abe's Boat Rentals, Inc.*, H-13-1112, 2013 WL 3110322 (S.D. Tex. June 18, 2013).  The law that

-34-

applied to the earlier version of the removal statute does not apply here.   Under the amended statue, the lawsuit was properly removed.

## Mims' Reply (#14)

Mims claims his motion to remand should be granted for four reasons: (1) Jones Act cases filed in state court cannot be removed to federal court; (2) the pre-2011 version of § 1446 applies to Mims' motion to remand since this case was commenced on August 11, 2011 and because under Texas law a new civil action is not commenced by the adding of new defendants to an existing suit; (3) removal of a maritime case filed in state court under the saving to suitors clause is not removable unless an independent basis for federal jurisdiction, e.g., diversity or federal question, exists; and (4) even if the new version of the removal statute applied and even if the saving to suitors clause cases could be removed, the rule of unanimity makes the removal here improper because the alleged consent of multiple defendants is a nullity since they filed (and lost) four summary judgment motions in state court, where it was litigated for more than two years.[19]

----

[19] #14, Exs. A and B (two summary judgment motions filed by Chevron); Exs. C and D (two summary judgment motions filed by Deepwater).   All four motions for summary judgment were denied by the state court on April 17, 2013.   Deepwater and Chevron also filed a motion to strike Mims' expert on April 30, 2013, which was denied on June 23, 2012.   *Id.*, Exs. F and G.   On April 25, 2013 Chevron moved for a rehearing of its summary judgment motions.   Ex. H.   Trial was finally set for July 14, 2014.   When Plaintiff added Gulf to the case, based on amended discovery

Mims concedes that there are disputed legal issues, i.e., which version of the removal statute applies and whether maritime claims can be removed in the absence of federal question or diversity jurisdiction, which the Fifth Circuit has not resolved and on which the district courts are split, but the Court does not have to resolve them since Jones Act cases are not removable to federal court. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993)("It is axiomatic that Jones Act suits may not be removed from state court because [46 U.S.C. § 20104] incorporates the general provisions of the Federal Employers' Liability Act, including 28 U.S.C. § 1445(a), which in turn bars removal."). The sole exception is if the defendant proves that the Jones Act allegations were fraudulently pleaded. *Id*. Deepwater and Chevron have not shown there was fraudulent pleading by Mims.

Objecting to Deepwater and Chevron's argument that Mims is not a Jones Act seaman, Mims points out that the time a worker spends aboard an identifiable group of vessels under common ownership and control, rather than a single vessel, counts toward the 30% rule, and the clock starts over when the plaintiff receives a new job assignment. *Chandris*, 515 U.S. at 366, 371-72; *Harbor Tug & Barge Co. v. Papai*, 520 U.S. 548, 556 (1997)("the employee's prior work history with a particular employer may not affect the seaman inquiry if the employee was injured on a new assignment with the

responses from Deepwater, Gulf removed the case.

same employer."). Mims testified that after he received a job reassignment, he spent around 70% of his time serving vessels under common ownership of the same company. Ex. I at 144:12-145:1. As for Deepwater's state court summary judgment motion, Deepwater's time sheets showed that Mims spent about 36.6% of his time working offshore. Ex. J at 17. Moreover Deepwater's corporate representative conceded that the time sheets did not accurately reflect the time Plaintiff actually worked or even how much time he was working offshore as opposed to on land. Ex. K at 129:8-22, 130:1-14. and Ex. J at 4-6. Finally, he insists that the calculations in an attached affidavit were not based on data listed in the time sheets. Ex. J at 5-6 and Ex. K at 234:16-25, 235:1-4.

Mims claims that Deepwater and Chevron made the same arguments that Mims has no Jones Act claims in their state court summary judgments that they make here in response to his motion to remand, and that the state court judge rejected them. It is established law that "'[a] defendant may lose or waive the right to removal by taking some substantial defensive action in state court before petitioning for removal. . . . And it is true that if a party has good ground to remove a case to federal court, he cannot experiment on his case in state court before removing to federal court.'" *Garcia v. SSP Partners*, No. Civ. A. C-06-385, 2006 WL 2850066, at *5 (S.D. Tex. Oct. 3, 2006), *quoting Gore v. Stenson*, 616 F. Supp. 895, 897 (S.D. Tex. 1984).

In addition, Mims insists that removal was improper under the prior version of § 1446 because the amendment became effective five months after Mims filed this suit.  Conceding that he added a new defendant after the effective date, Mims states that the Court must make an *Erie* guess whether under Texas law an action recommences when a new defendant is added to a previously filed case.  Mims relies on Judge Costa's opinion in *Noland v. Energy Resources Technology, Inc.*, Civ. A. No. 3:12-CV-00330, 2013 WL 177446, at *3-4 (S.D. Tex. Jan. 16, 2013), analyzing cases on the issue and the Texas Rules of Civil Procedure and holding that "an action commences under Texas law when the suit is first filed and adding another party at a later date does not commence another action." *In accord, Boze Memorial, Inc. v. Travelers Lloyds Ins. Co.*, No. 3:12-cv-4363-M, 2013 WL 775362, at *3 n.2 (N.D. Tex. Feb. 28, 2013)("Texas Rule of Civil Procedure 22 provides that a civil suit commences once the petition is filed in the office of the clerk."); *STF No. 1001, LP. v. Wright*, Civ. A. No. H-12-2136, 2012 WL 5384178, at *2 n.17 (S.D. Tex. Nov. 2, 2012)(Lake, J.)(prior version of removal statute applied even though the plaintiff filed suit before the effective date but added a new defendant after the commencement date).  Mims focuses on various definitions of "commence" (i.e., "to begin, start," "initiate formally by performing the first act", "filing of the first pleading in a proceeding") and "action" ("a civil or criminal judicial

proceeding"). He concludes that he commenced this action when he filed his Original Petition in August 2011, and that his later addition of Gulf did not commence a new action because if it did, he would have received a new civil action number. Rather, he simply asserted a "claim" against the new defendant in the action that had already been commenced. Therefore the earlier version of the removal statute controls the motion to remand. Moreover, since the Clarification Act contains its own effective date, the amendment does not have a retroactive effect. Defendants do not contend that the removal was proper if the prior version of the removal statute applies.

Mims alternatively argues that even if the current version of the removal statue applied, the removal was improper because the new version still does not permit removal of maritime cases and because a defendant still waives its right to consent to the removal by a co-defendant when it files a motion for summary judgment in state court. For almost two centuries it has been black letter law that admiralty cases filed in state court pursuant to the saving to suitors clause cannot be removed to federal court without an independent basis for federal subject matter jurisdiction. Maritime law may provide the rule of decision and govern the saving to suitors cases, but maritime jurisdiction does not exist in such cases. *Barker v. Hercules Offshore, Inc.* 713 F.3d 208, 223 (5th Cir. 2012).

Even under the 2011 amendments, a defendant still cannot consent to a co-defendant's removal where the defendant has filed a summary judgment motion in state court, as Deepwater and Chevron did four times between them. *See, e.g., Air Starter Components, Inc. v. Molina*, 442 F. Supp. 2d 374, 379 (S.D. Tex. 2006)(Rosenthal, J.)(A "waiver must 'be clear and indicate a specific, positive intent to proceed in state court. . . . Because a motion for summary judgment seeks resolution of a case on its merits, a defendant who seeks summary judgment in state court affirmatively invokes the state court's jurisdiction and demonstrates a clear intent to have the state court proceed on the merits of the case" and thus "waive[s his] right to remove.").

### Gulf's Sur-Reply (#17)

Gulf points out that in stating that the Court must make an *Erie* guess as to when an action "commences" under Texas law, Mims ignores the Texas Supreme Court's decision in *Alexander v. Turtur & Assoc., Inc.*, 146 S.W. 3d 113, 121-22 (Tex. 2004)("Ordinarily, an amended pleading adding a new party does not relate back to the original pleading. Moreover when the amended petition sets up a distinct and different claim from that asserted in the previous petitions, the new claim does not relate back." [citations omitted]). A number of courts have disagreed with *Noland*, 2012 WL 177446. *See, e.g., Benavides*, 2013 WL 2458625, at *4("this Court disagrees with the *Noland* court"), *citing Werner v. KPMG LLP*, 415

F. Supp. 2d 688 (S.D. Tex. 2006)(Rosenthal, J.); *Felder v. Countrywide Home Loans*, No. H-13-0292, 2013 WL 6805843, at *2 (S.D. Tex. Dec. 20, 2013)("Under Texas law the addition of anew party commences a new action against the party.").

Mims has not and cannot allege that Gulf was his Jones Act employer; he asserts only general maritime claims of unseaworthiness and negligence against Gulf and they are removable under the revised removal statute. Gulf maintains that the Court determines that Mims' Jones Act claim is not removable, it should sever and remand that claim while maintaining jurisdiction over the general maritime law claims against Gulf. *See, e.g., Wells v. Abe's Boat*, 203 WL 3110322, at *4.

### Mims' Response to Gulf's Sur-Rely (#18)

Insisting the revised remand statute does not apply here since the case was commenced before the statute's effective date, Mims calls "erroneous" Gulf's reliance on the revised § 1441(c)(1)-(2). It is well established that general maritime causes of action do not arise under the Constitution, laws, or treaties of the United States within the meaning of section 1331, as required by § 1441(c)(1)(A). *Romero*, 358 U.S. at 378. The cases cited by Gulf involved federal questions. Thus the severance and remand provision does not apply here and the entire case should be remanded. *See, e.g., Rawls v. Phillips 66 Co.*, No. Civ. A. 14-602, 2014 WL 2003104, at *1-2 (E.D. La. May 15, 2014)(both the past and

present versions of section 1441(c)(1)(A) "apply only where the otherwise removable claim is one that falls within the federal question jurisdiction conferred by 28 U.S.C. § 1331."), *citing Freeman v. Phillips 66 Co.*, Civ. A. Nos. 14-311 and 14-624, 2014 WL 1379786, at *5 (E.D. La. Apr. 8, 2014).

### Mims' Supplemental Authority (#20)

Agreeing that district court cases within the Fifth Circuit have disagreed on whether, after the 2011 amendment of the jurisdictional statute, 28 U.S.C. § 1333 provides a basis for removal if there is no federal question or diversity jurisdiction, Mims cites five cases that support his position that it does not: (1) *Figueroa* v. Marine Insp. Servs., LLC, No. 2:14-cv-00140 (S.D. Tex. 2014); (2) *Alexander v. Seago Consulting, LLC*, 4:14-cv-01292 (S.D. Tex. June 23, 2014); (3) *Pierce v. Parker Towing*, 14-00073-KD-N, 25 F. Supp. 3d 1372, 2014 WL 2569132 (S.D. Ala. June 9, 2014)(remov*al improper based solely on d*istrict court's admiralty and maritime jurisdiction); (4) *Gabriles v. Chevron USA, Inc.*, No. 2:14-00669, 2014 WL 2567101 (W.D. La. June 5, 2014)(finding "plaintiff's general maritime claims are not removable under the reasoning of *Freeman v. Phillips 66*"); and (5) *Perrier v. Shell Oil Co.*, No. 14-490. 2014 WL 2155258 (E.D. La. May 22, 2014)("[M]aritime claims brought in state court are not removable in the absence of diversity jurisdiction.").

### Deepwater and Chevron's Notice of Supplemental Authority (#22)

-42-

Deepwater and Chevron complain that Mims failed to disclose the following contrary authority, which denied remand on the same grounds claimed by Mims: (1) *Exxon Mobil Corp. v. Starr Indem. & Liability Co.*, No. H-14-1147, 2014 WL 2739309 (S.D. Tex. June 17, 2014)(denying motion to remand)(relying on *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. 2013)), **but the Court notes, *on reconsideration*, 2014 WL 4167807 (S.D. Tex. Aug. 20, 2014), remanding the case to Texas state court** on the grounds that Exxon's claims arose out of the Texas workers' compensation laws and the parties were properly joined; and (2) *Provost v. Offshore Service Vessels, LLC*, No. 14-89-SDD-SCR, 2014 WL 2525412 (M.D. La. June 4, 2014)(Riedlinger, Mag. J.)(under revised version of § 1441 general maritime claims are removable despite joinder of nonremovable Jones Act Claim)(relying on *Ryan*, and *Wells v. Abe's Boat*).

### Court's Decision

As a threshold matter, the Court points out that there is no diversity jurisdiction here. Mims' Second Amended Petition (#1-1 at p. 2) states, and Defendants have not objected, that he is a Texas resident, as are Deepwater ("a Texas company") and Topcor ("a company that has its principal place of business in Houston.").

The Court is of the opinion that the Federal Courts Jurisdiction and Venue Clarification Act of 2011 is not retroactive since it explicitly states that it applies "to any action that is

removed from State court to a United States district court and has been commenced, within the meaning of State law, on or after such effective date." Pub. L. No. 112-63, § 205, 125 Stat. 758, 764-65 (2011). Furthermore, "[u]nder Texas law, 'ordinarily an amended pleading adding a new defendant does not relate back to the original pleading.'" *Alexander v. Turtur*, 146 S.W. 3d at 121. *See also Hayes v. Carroll*, 314 S.W. 3d 494, 499-501 (Tex. App.--Austin 2010, pet. denied)("[A]n action commences when the original petition is filed. For this purpose the action does not recommence with the filing of an amended petition even if that petition names a new defendant for the first time."); *Werner v. KPMG*, 415 F. Supp. 2d 688, 702 (S.D. Tex. 2006)(*quoting Alexander v. Turtur*); *Noland*, 2013 WL 177446, at *2-4; *Benavidez v. Sun Loan P'ship No. 3, Ltd.*, No. 2:13-CV-84, 2013 WL 2458625, at *3 (S.D. Tex. June 6, 2013). Therefore, the first-served defendant rule, which applied in the Fifth Circuit prior to enactment of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, applies here, and this case was not properly removed. At the very least, there is a division among the courts as to when under Texas law a suit is commenced and the effect of a later added defendant.

It is also clear that Defendants took significant substantive steps while this case was pending in state court, including the four summary judgment motions, adjudicated on the merits by the state court judge's denials of the motions, including one regarding

Mims' status as a Jones Act seaman.  As noted, Jones Act claims cannot be successfully removed.  At minimum there is conflict over whether Defendants waived their right to removal by this litigation in state court.

Moreover, as is apparent from this Court's summary, *supra*, the parties here and numerous court cases are in conflict about the key issues, i.e., if the 2011 amendment/revision of § 1441 by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 does apply here, what effect it would have on the removal of the general maritime claims in this case.

This Court is mindful of the long established legal principle that "[b]ecause removal deprives the state court of an action properly before it, removal raises significant federalism concerns and the statute is therefore to be strictly construed, with any doubt about the propriety of removal resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d at 251.  The unresolved conflicts among courts in this Circuit clearly raise such doubt as to whether removal in this action was proper.  Therefore this Court, recognizing the traditional, long established rule that maritime claims brought by a plaintiff in state court under the saving to suitors clause are not removable absent diversity jurisdiction and the Fifth Circuit's opinion in *Barker* that the statute was a clarification rather than an amendment, combined with the fact that many district courts have found that the disagreement over removal

-45-

of general maritime claims under the 2011 amendment/revision is sufficient to warrant remand,[20] the Court

ORDERS that Mims' motion to remand this case to the 333rd Judicial District Court of Harris County, Texas is GRANTED.

**SIGNED** at Houston, Texas, this __16th__ day of __March__, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[20] *See, e.g.,* cases remanded until controversy is resolved by Congressional or judicial action include the following: *Parker*, 2014 WL 7338850 at *6; *Hamerly*, 2014 WL 5149752 at *4-5; *Harbor Docking & Towing Co. LLC v. Rolls Royce Marine North America*, No. 2:14-CV-2487, 2014 WL 6608354, at *3 ("Until the Fifth Circuit, Congress or the Supreme Court determine otherwise, this court will adopt the reasoning previously espoused in this district which exempts from removal maritime claims filed pursuant to the savings to suitors clause absent a separate basis for federal court jurisdiction, i.e., diversity of citizenship."); *Rutherford*, 2014 WL 6388786 at *4-5; *Harold v. Liberty Ins. Underwriters*, Civ. A. No. 14-762, 2014 WL 5801673, at *3-4 (M.D. La. Nov. 7, 2014); *Dyche*, 2014 WL 5473238. at *4-5; *Figueroa*, 2014 WL 2958597, at *4; *Porter v. Great Am. Ins. Co.*, No. 13-3069, 2014 WL 3385148, at *1 (S.D. La. July 9, 2014)..